Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re: | Case No. 10-37981-D-7 |
|---|---|
| | DCN: SMD - 1 |
| PAUL J. LAZIO and | |
| | DATE: October 13, 2010 |
| JEANNETTE HALDANE-LAZIO, | TIME: 10:00 A.M. |
| | DEPT: C |
| Debtors. | COURTROOM: 34 (6th Floor) |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**

TO: THE HONORABLE ROBERT S. BARDWIL, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTORS; AND, THE DEBTORS' ATTORNEY.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of PAUL J. LAZIO and JEANNETTE HALDANE-LAZIO, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in a 2003 Chrysler PT Cruiser LE with approximately 106,000 miles on the odometer in "as is" condition, to Debtors, for a total of $4,000 cash. In support of this motion, the undersigned Trustee respectfully represents the following:

1. The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on or about July 9, 2010, and an Order for Relief was entered thereon.

2. Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about July 9, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (N) and (O).

4. The Debtors filed Schedule B on or about July 9, 2010, and disclosed personal property described as follows:

"2003 Chrysler PT Cruiser LE (with approx. 106,000 miles; in fair condition)"

(hereinafter referred to as the "Motor Vehicle"), having a disclosed market value of $4,000.

5. The Debtors' Schedule "C" filed on or about July 9, 2010, claimed monetary exemption C.C.P. §704.010(a) in the amount of $2,725 pertaining to the Motor Vehicle.

6. The Debtors' Schedule D filed on or about July 9, 2010, disclosed no indebtedness nor obligations secured by the Motor Vehicle.

7. The Debtors, through their attorney, Mr. Jon Zitomer, have presented an offer in the amount of $4,000 to purchase the aforementioned Motor Vehicle in an "as-is" condition from the Bankruptcy Estate as follows:

```
          $4,000   Debtor's Offer to Purchase the Subject Personal Property
Less:      2,725   Credit for Debtors' §704.010(a) exemption
          $ 1,275  Net Purchase Amount to be tendered by the Debtors
```

8. The payment will be made in one payment in the form of Cashier's Check to the undersigned Trustee for the purchase of the Motor Vehicle.

9. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of vehicles (i.e. smog check and smog certificate, auctioneer's commission, repairs, etc.) and any sales commission attendant to a sale. Therefore, the Trustee requests the approval from this Court to sell the aforementioned Motor Vehicle to the Debtor for the amount of $4,000, less credit in the amounts of $2,275 representing the Debtors' claimed C.C.P §704.010(a) exemption, subject to any overbids tendered at the Court hearing.

10. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $200.00 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Motor Vehicle to the Debtor in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amount of $2,725 directly to the Debtors from the sale of proceeds of the subject Motor Vehicle if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 14, 2010  /s/ Susan M. Didriksen
Susan M. Didriksen, Chapter 7 Trustee